## PHELPS v. SWAN ET AL.

THIS was an action of debt upon an administration bond, dated the 7th of July, 1778, conditioned — That the administrators named, should " the goods and estate of the deceased well and truly administer, according to law: And further, make a true account of their administration, at or before the 7th day of July, 1779; and the residue of said goods and estate, which should be found remaining upon said accounts (the same being first examined and allowed by the Court of Probate) deliver and pay to such person or persons as said court, pursuant to law, should limit and appoint."

The breach assigned was — That judgments recovered by certain creditors, viz. Punderson, Mott, and Ledyard, against the administrators, to the amount of £50 they had failed to

Phelps v. Swan et al.

pay; and had embezzled the estate of the deceased, and become bankrupts.

The defendants pleaded in bar — That the administrators, on the 31st day of July, 1778, having notified the creditors to bring in their claims, and having waited a reasonable time for them to do it, they proceeded, by order of the judge of probate, to settle said estate, and allowed and paid off all claims exhibited; and then proceeded to divide the remainder of said estate, being personal, one-half to the widow of the deceased (the acting administratrix) and the rest to his heirs:   That the widow's share was lost in trade; and that the heirs returned theirs, which 'was applied in payment of debts, etc.— and that the claims of said Punderson and others, were not exhibited till after said distribution.

The plea was adjudged insufficient.

By the whole COURT.   It does not appear that the distribution or division of the estate was by order of the judge of probate, or of any validity:   The order averred in the plea was not an order of distribution, but only a general direction from the judge, to proceed in the settlement of the estate, and was before payment of the debts exhibited, and without an account allowed or exhibited upon which an order for the distribution of the remaining estate could be made.— The distribution, therefore, or division of the estate, between the administratrix and the heirs, being an unauthorized one, could have no effect to exonerate her of any subsequent claims of creditors.

Nor would the distribution have exonerated her of them, had it been a legal one; though now by statute, creditors to solvent estates, as well as insolvent estates, are limitable, as to the time of exhibiting their claims, they were not so then.   Certain it is, that distribution was not a limitation

of claims; for the statute provided, that all who should share in the distribution should give bonds, with security, to refund to the administrator, in case debts afterwards appeared.   An administrator might also, for his greater security, in case of doubt as to the sufficiency of the estate, represent it insolvent, and in that way bring in or bar the claims; but could not bar them by a distribution.

Nor would the want of assets in the hands of the administratrix, if there was in fact a deficiency, discharge her; for, under our statute, so long as there has been no representation of insolvency, want of assets is not pleadable; but there appears no want of assets in this case.— Admitting the distribution to have been legal, still the moiety the administratrix retained in her own hands remains assets, as much as before, and whether she has wasted it or not; so also would have remained what she distributed to the heirs, or their counter bonds to refund it, if needed; but that it appears has been refunded.

The administrators have not, therefore, well and truly administered the estate of the deceased, according to the requirements of law, and the condition of the defendants' bond.